# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

INLAND CORPORATION, et al.,

                Plaintiffs,    :    Case No. 3:14-cv-328

                                            District Judge Walter Herbert Rice
- vs -                                  Magistrate Judge Michael R. Merz

T.E.P., LLC, et al.,

                Defendants.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motion to Proceed *in forma pauperis* by Defendant Thomas Payne (Doc. No. 1). If the Motion were granted, the Clerk would file a Notice of Removal tendered by Mr. Payne which would have the effect of purporting to remove to this Court Montgomery County Common Pleas Court Case No. 2002-CV-7496. This case is not removable to this Court, so granting Mr. Payne permission to file the Notice of Removal *in forma pauperis* would be a waste of judicial resources in that the case would have to be remanded, but in the meantime would clog this Court's docket.

The case is not removable for at least the following reasons:

1. The purported basis of federal jurisdiction is diversity of citizenship between Mr. Payne and Defendant BP Oil Pipeline Company. However, diversity of citizenship jurisdiction has always required complete diversity. *Lincoln Prop. v. Roche,* 546 U.S. 81, 89 (2005); *Carden v.*

1

*Arkoma Assocs.*, 494 U.S. 185, 187 (1992); *Strawbridge v. Curtis*, 7 U.S. 267 (1806). Diversity is measured as of the time the case is filed. *Freeport-McMoRAN, Inc. v. K.N. Energy,* 498 U.S. 426 (1991), *following Mollen v. Torrance*, 9 Wheat. 537, 22 U.S. 537 (1824). The first-named Plaintiff, Inland Corporation, pleads that it is an Ohio corporation (Doc. No. 1-6, PageID 65). Thus it is a citizen of the same State as Mr. Payne.

2.  Removal must be by all Defendants, but only Mr. Payne has signed the removal papers.

3.  This case has been pending since November 7, 2002, almost thirteen years, but a notice of removal must be filed within thirty days of receipt of a copy of the complaint. 28 U.S.C. § 1446(b).

Because the case is not removable, granting Mr. Payne permission to file the Notice of Removal *in forma pauperis* would be a vain act. The Motion should be DENIED.

October 1, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).